UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN W. DOUGALL CO., INC. | CIVIL ACTION |
| VERSUS | |
| ALLIED WORLD ASSURANCE COMPANY (U.S.), INC. | NO. 24-00523-BAJ-EWD |

### RULING AND ORDER

Before the Court is Plaintiff's Motion To Remand (Doc. 6, the "Motion"). The Motion is opposed. (Doc. 9). Plaintiff filed a Reply Brief. (Doc. 12).

On December 13, 2024, the Magistrate Judge issued a **Report And Recommendation (Doc. 15, the "Report")**, recommending that Plaintiff's Motion be denied. (*Id.* at 2). Plaintiff filed a timely Objection to the Report. (Doc. 16). Defendant filed a Response to Plaintiff's Objection. (Doc. 17). For the reasons outlined below, the Court **APPROVES** the Magistrate Judge's Report and **ADOPTS** it as the Court's opinion in this matter.

### I. BACKGROUND

This is a first-party insurance coverage case involving a professional and pollution liability policy between an insured and an insurer. Plaintiff, the insured, seeks to recover bad faith damages, penalties, and attorney's fees under La. R.S. 22:1973 and 22:189 from Defendant, the insurer. (Doc. 1 - 2, ¶¶ 26, 42 – 46, 47 – 56). Plaintiff also seeks a declaration of Plaintiff's rights under the Policy, including indemnification and reimbursement for mitigation and remediation expenses with respect to separate litigation to which Defendant is not a direct party. (*Id.*)

Plaintiff filed this case against Defendant in Louisiana state court. (Doc. 1-2 at 1). Defendant removed the case to this Court, invoking diversity subject matter jurisdiction under 28 U.S.C. § 1332, because Plaintiff is incorporated and has its principal place of business in Tennessee, while Defendant is incorporated in Delaware and has its principal place of business in New York. (Doc. 1, ¶¶ 18–20).

Plaintiff's Motion does not dispute the citizenship allegations in the Notice of Removal (*See* Doc. 6-1 at 1), nor does it contest the amount in controversy. (*Id.* at 6 – 7). Rather, Plaintiff contends that complete diversity nonetheless does not exist because this case falls under the ambit of 28 U.S.C. § 1332(c)(1), which requires that Defendant assume the same state citizenship as the insured (here, the Plaintiff) for a diversity jurisdiction determination. (*Id.* at 7–8). Defendant opposed Plaintiff's Motion, contending that this is not a "direct action" under § 1332(c)(1), and so the Court maintains diversity jurisdiction over the completely diverse parties. (Doc. 9 at 1).

The Report recommends denying Plaintiff's Motion because this is not a "direct action" under 28 U.S.C. § 1332(c)(1), and therefore complete diversity between the parties remains intact. (*See* Doc. 15 at 10). Plaintiff filed a timely Objection to the Report, discussed in detail below. (Doc. 16).

## II. DISCUSSION

Plaintiff raises two arguments in its Objection to the Report. First, Plaintiff asserts that this case does not constitute a "direct action" under federal law. Second, Plaintiff argues that the case must be remanded to state court because a non-

diverse claim "cross-contaminates" a diverse claim. The Court will address each in turn.

### 1. Whether Plaintiff's Suit Is A "Direct Action"

First, Plaintiff contends that federal law does not support the Magistrate Judge's determination that this suit is not a "direct action." (*Id.* at 1). A "direct action" is a lawsuit made by an injured third party against a tortfeasor's insurer rather than the otherwise liable tortfeasor. *Med. Rsch. Ctrs. v. St. Paul Prop. & Liab. Ins.*, 303 F. Supp. 2d 811, 814 (E.D. La. 2004).

Plaintiff cites the Supreme Court's decision in *Northbrook Nat'l Ins. v. Brewer*, 493 U.S. 6 (1989) for the proposition that § 1332(c)(1) must "be interpreted in a manner which restricts, and does not expand federal subject matter jurisdiction beyond the exact wording of the statue." (Doc. 16 at 11). Plaintiff additionally references *Hernandez v. Travelers Ins.*, 489 F.2d 721 (5th Cir. 1974), in which the United States Court of Appeals for the Fifth Circuit found that "Congress chose to remove all direct actions from the diversity jurisdiction." *Id.*

The Magistrate Judge found that these arguments put the cart before the horse, however, because a "direct action" is already an explicit requirement of § 1332(c)(1), and Plaintiff has not brought a "direct action" here. (Doc. 15 at 9). The Magistrate Judge determined that this is not a "direct action" because a long line of federal cases holds that a "direct action" under § 1332(c)(1) may only be maintained by an injured third party and not an insured, like Plaintiff. (*Id.*). Therefore, the Report does not "expand" jurisdiction in contravention of *Northbrook* because courts

3

have long determined that diversity jurisdiction already exists under these circumstances.

Plaintiff's Objection challenges the long line of cases cited in the Report to refute the well-established understanding that an insured's claim against an insurer is not a "direct action" under § 1332(c)(1). Plaintiff's Objection fails.

First, Plaintiff asserts that the only binding authority cited in the Report, *Evanston Ins. v. Jimco, Inc.*, 844 F.2d 1185 (5th Cir. 1988), rests on *dicta* and therefore cannot be used to refute Plaintiff's position. (*Id.* at 14–15). While the *Evanston* Court's conclusion that "a[] [direct] action is not one by an insured against his own carrier to resolve coverage issues," appears to be *dicta*, 844 F.2d at 1188, the Court finds no compelling reason to craft a ruling contrary to that conclusion. District courts within the Fifth Circuit have demonstrated widespread acceptance of *Evanston*. (Doc. 15 at 9–10 n.46–47) (*See Gonzalez v. Gov't Emps. Ins. Grp.*, No. 99-cv-3707, 2000 WL 235236, at *4 (E.D. La. Feb. 28, 2000); *Med. Rsch. Ctrs. v. St. Paul Prop. & Liab. Ins.*, 303 F. Supp. 2d 811, 814 (E.D. La. 2004); *Crescent City Pediatrics v. Bakers Ins.*, 459 F. Supp. 2d 510, 513 (E.D. La 2006)).).

Second, Plaintiff contends that these district court decisions "do not involve the situation at present, where the policy at issue is a 'liability insurance policy,'" but rather involve property and health insurance policies. (Doc. 16 at 15 n.22). The U.S. District Court for the Eastern District of Louisiana held, however, that regardless of whether a case involves a "liability insurance policy," the fact that an insured files

suit against the insurer independently eliminates the case from the ambit of § 1332(c)(1). *Gonzalez v. Gov't Emps. Ins. Grp.*, No. 99-cv-3707, 2000 WL 235236, at *4–5 (E.D. La. Feb. 28, 2000). The Eastern District Court reasoned that a "direct action" is a case where an injured party sues the *tortfeasor's* liability insurer and not where an insured sues the insured's own insurer. *Id.* Therefore, *Gonzalez's* holding does not rest solely on the separate requirement that the case involve a "liability insurance policy." *Id.* Rather, the lack of a "direct action" serves as a separate and sufficient reason for the inapplicability of § 1332(c)(1).[1] *Id.*

Therefore, regardless of whether the case involves "liability insurance," an insured's lawsuit against an insurer does not constitute a "direct action" under § 1332(c)(1).[2]

### 2. Cross-Contamination Of Diverse Claims With Non-Diverse Claims

Second, Plaintiff objects to the Magistrate Judge's finding that "Plaintiff glaringly fails to acknowledge its additional claim for bad faith damages, penalties, and fees under La. R.S. 22:1973 and 22:1892." (Doc. 16 at 20) (quoting Doc. 15 at 6 n.41). The Report emphasizes that "a party suing a diverse insurer for failure to make

---

[1] Some courts have determined that because a dispute does not involve liability insurance, there is no direct action to be had in the first place. *See Med. Rsch. Ctrs. v. St. Paul Prop. & Liab. Ins.*, 303 F. Supp. 2d 811, 814 (E.D. La. 2004); *Hull v. Allstate Ins.*, 682 F. Supp. 867 (M.D. La. 1988); *Crescent City Pediatrics v. Bakers Ins.*, 459 F. Supp. 2d 510, 513 (E.D. La 2006). Plaintiff's arguments do not prevail under this interpretation because the lack of a direct action is what Plaintiff seeks to refute.

[2] The Court acknowledges that the Eleventh Circuit has concluded that "the status of the plaintiff as an insured or as an injured third party is irrelevant to the applicability of § 1332(c)." *John Cooper Produce, Inc. v. Paxton Nat'l Ins.*, 774 F.2d 433, 436 (11th Cir. 1985) (citing *Fortson v. St. Paul Fire & Maine Ins.*, 751 F.2d 1157, 1159 (11th Cir. 1985)). However, this holding is merely persuasive authority and is not the law in the Fifth Circuit.

payments under an insurance contract or for bad faith refusal to settle is entitled to invoke diversity jurisdiction[.]" (Doc. 15 at 9–10, n.47) (quoting *Rosa v. Allstate Ins.*, 981 F.2d 669, 678–79 (2nd Cir. 1992)).

Plaintiff asserts that even if this Court finds one claim to be diverse because it is not a direct action, and the other to be non-diverse because it is a direct action, the Court must remand the case to state court. (Doc. 16 at 20–21). This is because "[a] failure of complete diversity, unlike the failure of some claims to meet the requisite amount in controversy, contaminates every claim in the action." (*Id.* at 21) (quoting *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 564 (2005)). The Report already disposed of this argument, finding that there is no non-diverse claim present that would "contaminate" a diverse claim. (Doc. 15 at 6, n.41, 9–10, n.47). Thus, the Court will not remand the case to state court.

Therefore, having carefully considered the Notice of Removal (Doc. 1), Plaintiff's Motion (Doc. 6), Defendant's Response (Doc. 9), Plaintiff's Reply (Doc. 12), Plaintiff's Objection (Doc. 16), Defendant's Response (Doc. 17), and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion (Doc. 6)** be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that this matter be and is hereby **REFERRED** to the Magistrate Judge for the issuance of a scheduling order.

Baton Rouge, Louisiana, this 28th day of March, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**